22-2923
*Sanchez v. Butricks*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand twenty-four.

Present:
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

JORGE SANCHEZ,

> *Plaintiff-Appellant*,

v.                                                                            22-2923

KENNETH BUTRICKS; CARBONE, Counselor Supervisor/Americans with Disabilities Act Coordinator; RODRIGUEZ, Captain,

> *Defendants-Appellees*,

WILLIAM MULLIGAN,

> *Defendant*.[*]

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

For Plaintiff-Appellant:                          Samuel Weiss,
                                                  Rights Behind Bars,
                                                  Washington, D.C.


For Defendants-Appellees:                         DeAnn S. Varunes, Assistant
                                                  Attorney General,
                                                  Connecticut Office of the
                                                  Attorney General,
                                                  Department of Public Safety,
                                                  Hartford, CT.


Appeal from a September 26, 2022 judgment of the United States District Court for the District of Connecticut (Williams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the action is **REMANDED** for further proceedings consistent with this order.

Originally proceeding *pro se*,[1] Plaintiff-Appellant Jorge Sanchez, an inmate in the custody of the Connecticut Department of Correction, brought this action against Defendants, who are various prison officials, pursuant to 42 U.S.C. § 1983 for their alleged violation of his Eighth Amendment rights, as well as an alleged violation of Title II of the Americans with Disabilities Act ("Title II"), 42 U.S.C. §§ 12131–12134. Sanchez appeals the district court's grant of Defendants' motion for summary judgment.

Sanchez has a physical disability requiring him to walk with a cane, and at the time relevant to this action, he was housed in a handicap-accessible cell while under the supervision of the Department of Correction. He alleges there was a plumbing leak in his cell which prevented him

---

[1] Sanchez was appointed *pro bono* counsel by the district court in July of 2021, approximately eleven months after Sanchez filed his complaint and six months before Defendants filed their motion for summary judgment.

from moving freely or safely exiting. Sanchez claims that on April 27, 2020, he notified the maintenance supervisor of the leak, and also verbally spoke to Defendant Rodriguez, asking to be moved until the leak was fixed. He was not moved, and on May 15, 2020, he slipped and fell on water from the leak, exacerbating his preexisting injuries. Four days later, after Sanchez filed a grievance, the leak was fixed. He commenced this action in August of 2020.

In September of 2022, the district court granted Defendants' motion for summary judgment, dismissing the Eighth Amendment and Title II claims against them. *See Sanchez v. Butricks*, No. 3:20-CV-1229 (OAW), 2022 WL 4448892 (D. Conn. Sept. 23, 2022). On appeal, Sanchez does not challenge the district court's Eighth Amendment ruling—only its dismissal of his Title II claim.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm in part and vacate in part.

$$* \qquad * \qquad *$$

"We review *de novo* a district court's grant of summary judgment." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Any factual inference must be made "in favor of the non-moving party," and summary judgment should only be granted when "there are no genuine issues of material fact and . . . the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). A "dispute about a material fact is genuine . . . if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted).

## I. Title II Claim

In dismissing Sanchez's Title II claim, the district court found that Sanchez could not show a dispute of material fact because "[e]ven assuming that the leak . . . deprived him of a prison benefit" in violation of Title II of the ADA, "nothing in the record . . . indicate[d] that the deprivation resulted from discriminatory animus." *Sanchez*, 2022 WL 4448892, at *4. The district court concluded:

> Even assuming that Plaintiff's verbal request either to Defendant Carbone or to Defendant Rodriguez also constituted a request for a reasonable accommodation, the court cannot infer discrimination from either defendant's response or lack thereof, particularly given that each of them either was moving on to a new position or already had moved on to a new position, and there is no other history of discrimination against Plaintiff. Any failure to address the leak is more likely attributable to unintentional negligence than to discrimination.

*Id*.

However, a plaintiff need not necessarily show "discriminatory animus" to proceed on a Title II claim. "A plaintiff may base [their] Title II claim on any of three theories of liability: disparate treatment (intentional discrimination), disparate impact, or failure to make a reasonable accommodation." *Tardif v. City of New York*, 991 F.3d 394, 404 (2d Cir. 2021). Sanchez is proceeding on a reasonable accommodation theory, and argues that he "created a fact issue on

4

whether his disabilities were reasonably accommodated when . . . he was left in a slippery cell with sitting water for an extended period." Appellant's Br. at 6.

When assessing a reasonable accommodation claim, we ask if the plaintiff, "'as a practical matter[,]' was denied 'meaningful access' to services, programs or activities to which he or she was 'legally entitled.'" *Hamilton v. Westchester County*, 3 F.4th 86, 91 (2d Cir. 2021) (quoting *Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016)). There is no requirement that the plaintiff show discriminatory intent to make out a reasonable accommodation claim. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 277 (2d Cir. 2003) ("[T]he demonstration that a disability makes it difficult for a plaintiff to access benefits that are available to both those with and without disabilities is sufficient to sustain a claim for a reasonable accommodation."). Because Sanchez is proceeding on a reasonable accommodation theory, the district court erred in dismissing his claim based on its reasoning that any lack of accommodation was "more likely attributable to unintentional negligence than to discrimination." *Sanchez*, 2022 WL 4448892, at *4.

On appeal, Defendants still argue that Sanchez did not provide evidence to make out a *prima facie* claim under a reasonable accommodation theory, even if "discriminatory intent" was not a necessary showing. To establish a *prima facie* claim under Title II, Sanchez must show that "1) he is a qualified individual with a disability; 2) [the prison] is an entity subject to [Title II]; and 3) he was denied the opportunity to participate in or benefit from [the prison's] services, programs, or activities or [the prison] otherwise discriminated against him by reason of his disability." *Wright*, 831 F.3d at 72. Defendants do not dispute that Sanchez has a qualifying disability or that

5

the Department of Correction is subject to Title II. Rather, they argue that there is no way they could "have refused M[r]. Sanchez['s] reasonable accommodations" request because Sanchez did not make the request to any individual in a position of power prior to his fall. Appellees' Br. at 23.

However, Sanchez specifically alleged that he told the maintenance supervisor and Defendant Rodriguez about the leak and requested it be fixed on April 27, 2020, over two weeks before his fall on May 15th. While Defendant Rodriguez claims that he "was transferred out of [Sanchez's] unit at or near April 24, 2020," and therefore had no "further interaction with Sanchez," Supp. App'x at 78 (Rodriguez's Declaration), this claim is disputed by Sanchez. If a jury were to credit Sanchez over Rodriguez, it could find that a prison official was aware of the dangerous leak a full eighteen days before Sanchez fell and injured himself. Therefore, a "genuine factual dispute exists," because "a reasonable jury could return a verdict for the nonmoving party," and summary judgment is inappropriate. *Truitt v. Salisbury Bank & Tr. Co.*, 52 F.4th 80, 85 (2d Cir. 2022) (internal quotation marks omitted).

## II.    Eleventh Amendment State Sovereign Immunity

Even if Sanchez has shown a dispute of material fact regarding his Title II reasonable accommodation claim, it may still be barred by Eleventh Amendment state sovereign immunity. Defendants did not raise this defense in their motion for summary judgment, and the district court did not address it in its order. However, Defendants correctly argue on appeal that money damages against a state are unavailable under Title II unless Congress, in passing it, intentionally and validly abrogated state sovereign immunity. *See* Appellees' Br. at 12 (citing *Bd. of Trs. of*

6

*Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)); *see also Tennessee v. Lane*, 541 U.S. 509, 517 (2004).[2]

The Supreme Court has held that the Eleventh Amendment provides "that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala.*, 531 U.S. at 363. Moreover, although "Congress can abrogate a State's sovereign immunity," it must do so "pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment." *Lane*, 541 U.S. at 518. Relatedly, this Court has previously held that, in order to limit Title II monetary claims to comport with Congress's authority under § 5, plaintiffs must "establish that the Title II violation was motivated by discriminatory animus or ill will based on the plaintiff's disability" to show that state sovereign immunity was validly abrogated. *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 111 (2d Cir. 2001). Defendants argue that because Sanchez did not show they acted with any discriminatory animus, they should be protected by state sovereign immunity, and all of Sanchez's claims should be dismissed.

However, this Court later explained that "*Garcia*'s discriminatory animus requirement" only applies to "Title II violations that also violate Equal Protection" and "conduct Congress could prohibit as necessary to remedy and deter Equal Protection violations." *Bolmer v. Oliveira*, 594 F.3d 134, 148 (2d Cir. 2010). In other words, although it may be the case that discriminatory

---

[2] Defendants' failure to raise the defense of state sovereign immunity in the district court does not bar them from raising it before this Court. *See Edelman v. Jordan*, 415 U.S. 651, 677–78 (1974) (explaining that it is "well settled . . . that the Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court").

animus is required to abrogate sovereign immunity when a Title II violation is premised upon Equal Protection, Equal Protection is not the *only* Fourteenth Amendment right which Congress can validly protect using its § 5 powers. *See, e.g.*, *Lane*, 541 U.S. at 533–34 (holding that Title II suits which also implicate the right of access to courts are "a valid exercise of Congress' § 5 authority to enforce the guarantees of the Fourteenth Amendment"); *Bolmer*, 594 F.3d at 149 ("Congress validly abrogated states' Eleventh Amendment immunity where the same conduct by the defendant violated both Title II and substantive due process."). Sanchez's alleged Title II violation, in particular, may have implicated numerous non-Equal Protection rights guaranteed by the Fourteenth Amendment "because of the total reliance of prisoners on public entities for basic services." Appellant's Reply Br. at 5. If so, dismissing Sanchez's claims on the basis of state sovereign immunity simply because he did not show discriminatory animus would be an error.

"It is our settled practice to allow the district court to address arguments in the first instance." *Farricielli v. Holbrook*, 215 F.3d 241, 246 (2d Cir. 2000). Thus, on remand, the district court should analyze: "(1) which aspects of [Defendants'] alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *United States v. Georgia*, 546 U.S. 151, 159 (2006).

*                    *                    *

For the reasons set forth above, we conclude that Sanchez's claim for money damages under Title II survives summary judgment pending consideration of the question of state sovereign

immunity.    Upon remand, the district court should analyze whether Defendants are protected by Eleventh Amendment state sovereign immunity.    Accordingly, we **AFFIRM** the district court's judgment regarding Plaintiff's § 1983 claim, **VACATE** regarding Plaintiff's Title II claim, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court